UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-145-HRW

MELINDA BAKER,                                                    PLAINTIFF,

v.         **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability, disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current applications for a period of disability and disability insurance benefits on November 28, 2001 and supplemental security income benefits on January 16, 2002 (Tr. 53-56, 65), alleging disability beginning on November 13, 2001, due to depression, degenerative disc disease, diabetes and

1

hysterectomy due to cysts on ovaries and cancer cells (Tr. 70).  This application was denied initially and on reconsideration.  On February 12, 2003, an administrative hearing was conducted by Administrative Law Judge Peter M. Davenport (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 400-413).  At the hearing, Jackie Rogers, Ph.D., a vocational expert (hereinafter "VE"), also testified (Tr. 416-419) as did Suzanne O'Koon, Ph.D., a medical expert (Tr. 413-415).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from

performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 25, 2003, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 20-26). Plaintiff was 41 years old at the time of the hearing decision (Tr. 26, 33). She has a high school equivalent education with past relevant work experience as a certified nursing assistant, insurance sales person, waitress / cashier. Kitchen worker and library worker (Tr. 21, 71, 76, 79-85).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 25). The ALJ then determined, at Step 2, that Plaintiff suffered from obesity and diabetes mellitus, which he found to be "severe" within the meaning of the Regulations (Tr. 23). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 25). The ALJ further found that Plaintiff was not precluded from performing her past relevant work as an insurance sales person, waitress / cashier and kitchen worker (Tr. 25). The ALJ went on to determine that Plaintiff retained the following residual functional capacity ("RFC") to perform a significant range of medium work with the following limitations:

> She should perform only occasional climbing such as ramps or stairs. She should avoid climbing ladders, ropes

or scaffolds and moderate exposure to heights.

(Tr. 24).

Based upon this RFC, the ALJ, relying upon the testimony of the VE, concluded that these jobs exist in significant numbers in the national and regional economies (Tr. 24-25). Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 11, 2005 (Tr. 10-12).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III.  ANALYSIS

#### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in his evaluation of her mental impairments, carpal tunnel syndrome and musculoskeletal impairments; (2) the ALJ failed to properly evaluate her credibility; and (3) the ALJ failed to accord proper weight to the opinions of Plaintiff's treating physicians, Dr. Arthur Amador and Dr. Michael Vories.

    **C.**    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ erred in his evaluation of her

mental impairments, carpal tunnel syndrome and musculoskeletal impairments. Plaintiff maintains that these impairments should have been deemed "severe" at Step 2 of the sequential analysis.

With regard to Plaintiff's mental impairment, the ALJ explicitly adopted the testimony of Suzanne O'Koon, Ph.D., a medical expert who determined that Plaintiff's mental impairments, including depression, were non-severe. Dr. O' Koon's assessment is consistent with the assessments of Jane F. Brake, Ph.D. and Jay Athy, Ph.D. (Tr. 167-181, 202-215). In addition, Dr. William Rigsby opined that Plaintiff had a good ability to understand, retain and follow simple instructions, good ability to sustain attention to perform simple, repetitive tasks, good ability to relate to others, including fellow workers and supervisors, and a fair ability to tolerate stress (Tr. 133).

Plaintiff argues that the diagnosis of depression by Dr. Arthur Amador should have been adopted by the ALJ. However, the mere diagnosis of a condition says nothing about is severity. *Higgs*, 880 F.2d at 863. The pertinent inquiry is whether or not the condition is **disabling**. In this case, Plaintiff's functional activities, such as taking college courses and volunteering at a community center, were not consistent with disabling depression. As Dr. O'Koon found, Plaintiff's activities of daily living and social functioning were only mildly

impaired, as was her ability to concentrate. Dr. O'Koon further noted that at the time of Dr. Amador's evaluation, Plaintiff told another medical source, Dr. Kitty Gish, that her difficulties with depression related to her unemployment and marital situation (Tr. 313, 414-415).

Based upon the record, this Court finds that the ALJ's properly weighed the conflicting evidence. The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520 and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863. The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]." So it is upon the Plaintiff to prove severity at Step 2. In this case, she has not met her burden in demonstrating that her mental impairment was "severe."

Plaintiff further claims that the ALJ "completely ignored" her bilateral carpal tunnel syndrome. The Court disagrees. The ALJ references the diagnosis of

carpal tunnel in his decision as well as the prescribed treatment of bilateral cock-up wrist splints (Tr. 22). The record does not contain any evidence which would show a worsening of the condition or the need for additional treatment. To the contrary, Plaintiff states she was first diagnosed with carpal tunnel in 1997, well before her alleged onset date. Again, the pertinent inquiry is the disabling effect of the impairment. Plaintff has not met her burden in demonstrating that her carpal tunnel had such an effect on her ability to perform work-related tasks.

With regard to Plaintiff's musculoskeletal impairments, they too do not qualify as disabling. The ALJ noted only mild restriction resulting from musculoskeletal impairments (Tr. 22, 134-138).

Based upon the record, the Court finds that the ALJ's findings at Step 2 of the sequential analysis are supported by substantial evidence.

Plaintiff's second claim of error is that the ALJ failed to properly evaluate her credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility to be "fair" with regard to his allegations of

8

disabling pain.  (Tr. 17). Subjective claims of disabling pain must be supported by objective medical evidence.  *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).  Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster.   For example, the ALJ found that despite complaints,  Plaintff engages in a wide variety of household and other daily activities, such as attending school and doing volunteer work.  The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments."  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).   Given this evidence, the ALJ was correct in not finding Plaintiff's subjective complaints to be conclusive.

Finally, Plaintiff claims that the ALJ failed to accord proper weight to the opinions of Plaintiff's treating physicians, Dr. Arthur Amador and Dr. Michael Vories.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's  impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).   Such opinions receive great weight only if they are supported by

sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

As discussed above, the ALJ properly concluded that Dr, Amador's's opinion was not dispositive. As for Dr. Vories, the ALJ discounted his opinion of severe limitation because it was not supported by any objective testing (Tr. 24). The Court finds no error in the ALJ's consideration of Dr. Vories' opinion.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This June 23, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge